UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsd.uscourts.gov

Case No.: 16-20936-CIV-MGC

RUDI PEREZ FERNANDEZ, WILFREDO )
MENDOZA ESTREMERA, ABDIEL )
MENDOZA RODRIGUEZ ESTREMERA, )
and all other similarly situated under )
29 U.S.C. 216(b), )
)
)
        Plaintiff, )
vs. )
)
GENESIS JUNGLES LLC; )
BARBARA MEDINA and HARRY NELSON, )
)
        Defendants. )
_____ )

## DEFENDANT, GENESIS JUNGLES LLC'S
## MOTION TO QUASH SERVICE OF PROCESS

The Defendant, GENESIS JUNGLES LLC, by and through its undersigned attorney, moves the court for the entry of an order pursuant to FRCP 4(e)(2) and FRCP 4(h)(1)(A) and (B) quashing service of process upon it and in support thereof, states as follows:

1. The Plaintiff's attempted service of process upon Barbara Medina, as Registered Agent for Genesis Jungles LLC is not in compliance with FRCP 4(e)(2) for the following reasons:

    A. There was a failure to deliver the Summons and Complaint to the individual, Barbara Medina, as Registered Agent for Genesis Jungles LLC.

    B. There was a failure to deliver a copy of the Summons and Complaint to the individual, Barbara Medina's dwelling or usual place of abode with

        someone of suitable age and discretion who resides there or to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

    C.    There was a failure to deliver a copy of the Summons and Complaint to an agent authorized to receive service of process for Barbara Medina.

2. In support thereof, attached hereto as ***Exhibit A*** is the Affidavit of Michael L. McGuire, dated June 16, 2016, the individual who received the Summons and Complaint directed to Genesis Jungles LLC on May 26, 2016 which establishes the following:

    A.    That the location of service is a warehouse used by Genesis Jungles, LLC and not a dwelling or abode occupied by anyone.

    B.    That the affiant does not reside there but instead resides with his wife and children elsewhere.

    C.    That the affiant has never lived with Harry Nelson or Barbara Medina.

    D.    That the affiant is not related to Harry Nelson or Barbara Medina.

    E.    That Barbara Medina and Harry Nelson do not reside in the warehouse where the Summons and Complaint was delivered to Mr. McGuire.

    F.    That Michael L. McGuire is not an officer or employee of Genesis Jungles LLC and is not authorized to receive service of process.

3. Therefore, based upon the foregoing, there was no service of process upon Barbara Medina as a matter of law and as such, service of process should be quashed by the court as the above-cited rules of procedure are specific as to the method of service on an individual and a corporation, partnership or association. Furthermore, the method of service of process utilized by

the Plaintiff herein is also not in compliance with the laws of the State of Florida as outlined in subsection 1 of Rule 4(e) as the method of service of process under state law is essentially identical to that outlined in Rule 4(e)(2) per Florida Statutes 48.081 and 48.091.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **16th** day of **June, 2016** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via Notices of Electronic Filing generated by CM/ECF on **J.H. Zidell, Esq.**, Counsel for Plaintiff, J.H. Zidell, P.A., 300 71st St, Suite 605, Miami Beach, FL 33141; zabogado@aol.com.

DAVID R. HOWLAND, ESQ.
Law Offices of David R. Howland
Counsel for Defendant, Genesis Jungles LLC
1450 Madruga Avenue, Suite 203
Coral Gables, FL 33146
Telephone: 305-662-9510
Facsimile: 305-662-4339
E-Mail: davidrhowland@howlandlaw.com

By: /s/ David R. Howland
DAVID R. HOWLAND, ESQ.
FL Bar No. 127763

## **AFFIDAVIT OF MICHAEL L. McGUIRE**

STATE OF FLORIDA            )
                            ): ss
COUNTY OF MIAMI-DADE        )

Before me, the undersigned authority, personally appeared MICHAEL L. MCGUIRE, who after first being duly sworn, deposes and states as follows:

1.  My name is MICHAEL L. MCGUIRE and I live at 26652 SW 137 Ave, Miami, FL 33032. I have lived at this address with my wife and two children for three weeks. Before that I lived at 13420 SW 266 Terrace, Miami, FL 33032 for approximately five months. Before that, in lived in Hempstead, New York 11550 for 14 years of which the last 1 ½ years was with my present family.

2.  I am self-employed as a Welder/Fabricator doing business as Alloy Dr. Welding Services. My business address is 15630 NW 26 Ave, Opa-Locka, FL 33054. I started the business in March, 2016. *Attached* is a copy of my business card and my State of Florida Certificate of Election To Be Exempt from Florida Workers' Compensation law.

3.  On May 24, 2016 I was doing a welding job under contract for Genesis Jungles, LLC at its warehouse located at 4784 SW 75 Ave, Miami, FL 33155. I use my own tools and equipment and I invoice this business on a per job basis.

4.  On that date at about 1:00 p.m. a man came up to me at the warehouse and asked for Barbara Medina and Harry Nelson. He didn't tell me his name and I don't know it. I told him that they were not there. He asked me if I worked there, which I do when I have job for this company, but I am not an employee of this business. He then handed me the *attached* papers which I believe is a lawsuit.

5. No one lives at this warehouse. I am not related to either Barbara Medina or Harry Nelson and I have never lived with either of them anywhere. Neither Harry Nelson nor Barbara Medina live at this address, which is a warehouse used by Genesis Jungles LLC and which doesn't have living quarters.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL L. MCGUIRE

Sworn and subscribed before me this 16th day of June, 2016 by who produced Florida Driver License M260-552-88-410-0 as identification.

_____
Notary Public, State of Florida

My commission expires:



ANA M. GUSO
Notary Public - State of Florida
My Comm. Expires Dec 7, 2017
Commission # FF 069519





**STATE OF FLORIDA**
**DEPARTMENT OF FINANCIAL SERVICES**
**DIVISION OF WORKERS' COMPENSATION**
**CONSTRUCTION INDUSTRY EXEMPTION**



CERTIFICATE OF ELECTION TO BE EXEMPT FROM FLORIDA
WORKERS' COMPENSATION LAW

**EFFECTIVE DATE:** 3/31/2016    **EXPIRATION DATE:** 3/31/2018

**PERSON:** MCGUIRE    MICHAEL    L    SR

**FEIN:** 812017662

**BUSINESS NAME AND ADDRESS:**
ALLOY DR WELDING SERVICES LLC

13420 SW 265TH TER
MIAMI    FL    33032

SCOPES OF BUSINESS OR TRA

WELDING OR CUTTING NOC AND DRI

**F O L D**

**H E R E**

### IMPORTANT

Pursuant to Chapter 440.05(14), F.S., an officer of a corporation who elects exemption from this chapter by filing a certificate of election under this section may not recover benefits or compensation under this chapter.

Pursuant to Chapter 440.05(12), F.S., Certificates of election to be exempt... apply only within the scope of the business or trade listed on the notice of election to be exempt.

Pursuant to Chapter 440.05(13), F.S., Notices of election to be exempt and certificates of election to be exempt shall be subject to revocation if, at any time after the filing of the notice or the issuance of the certificate, the person named on the notice or certificate no longer meets the requirements of this section for issuance of a certificate. The department shall revoke a certificate at any time for failure of the person named on the certificate to meet the requirements of this section.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

CASE NO.: 16-20936-CIV-MGC

RUDI PEREZ FERNANDEZ, WILFREDO )
MENDOZA ESTREMERA, ABDIEL )
MENDOZA RODRIGUEZ ESTREMERA, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
)
Plaintiff, )
vs. )
)
GENESIS JUNGLES LLC, )
BARBARA MEDINA, )
HARRY NELSON, )
)
Defendants. )
)

## ALIAS SUMMONS IN A CIVIL ACTION

To:
GENESIS JUNGLES LLC
c/o Registered Agent, Barbara Medina
4784 SW 75th Ave
Miami, FL 33155

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J.H. Zidell, Esq.
J.H. Zidell P.A.
300 71ST Street, Suite 605
Miami Beach, Florida 33141

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

May 20, 2016

SUMMONS

s/ C. Barnes-Butler
Deputy Clerk
U.S. District Courts

Steven M. Larimore
Clerk of Court

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 16-20936

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Genesis Jet Ges LLC

was received by me on *(date)* 5/20/16.

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Loriana Morrish, who is designated by law to accept service of process on behalf of *(name of organization)* Genesis Jens Ges, LLC on *(date)* 5/26/16 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ 20.00 for travel and $ 20.00 for services, for a total of $ 40.00

I declare under penalty of perjury that this information is true.

Date: 5/26/16

_____
Server's signature

Frank Ayllon
*Printed name and title*

_____
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20936-CIV-MGC

RUDI PEREZ FERNANDEZ, WILFREDO )
MENDOZA ESTREMERA, ABDIEL )
MENDOZA RODRIGUEZ ESTREMERA, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
        Plaintiff, )
vs. )
)
GENESIS JUNGLES LLC, )
BARBARA MEDINA, )
HARRY NELSON, )
)
        Defendants. )
)

## FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS WAGE VIOLATIONS[1]

Plaintiffs, RUDI PEREZ FERNANDEZ, WILFREDO MENDOZA ESTREMERA, and ABDIEL MENDOZA RODRIGUEZ ESTREMERA, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, GENESIS JUNGLES LLC, BARBARA MEDINA, and HARRY NELSON, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period has not commenced.

3. The Defendant GENESIS JUNGLES LLC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant BARBARA MEDINA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant HARRY NELSON is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff RUDI PEREZ FERNANDEZ worked for Defendants as a construction worker from on or about August 20, 2015 through on or about January 9, 2016.

11. Plaintiff WILFREDO MENDOZA ESTREMERA worked for Defendants as a welder from on or about June 22, 2015 through the present and ongoing.

12. Plaintiff ABDIEL MENDOZA RODRIGUEZ ESTREMERA worked for Defendants as a maintenance man from on or about October 12, 2015 through the present and ongoing.

13. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time

period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014 and 2015.

16. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2016.

17. Between the period of on or about August 20, 2015 through on or about January 9, 2016, Plaintiff RUDI PEREZ FERNANDEZ worked an average of 66 hours a week for Defendants and was paid an average of $10.90 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about June 22, 2015 through the present and ongoing, Plaintiff WILFREDO MENDOZA ESTREMERA worked an average of 60 hours a week for Defendants and was paid an average of $22.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Between the period of on or about October 12, 2015 through the present and ongoing, Plaintiff ABDIEL MENDOZA RODRIGUEZ ESTREMERA worked an average of 60 hours a week for Defendants and was paid an average of $12.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair

Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

> Respectfully Submitted,
>
> J.H. Zidell, Esq.
> J.H. Zidell, P.A.
> Attorney For Plaintiff
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
>
> By:__/s/ J.H. Zidell_____
>     J.H. Zidell, Esq.
>     Florida Bar Number: 0010121