UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20936-CIV-MGC

RUDI PEREZ FERNANDEZ, WILFREDO )
MENDOZA ESTREMERA, ABDIEL )
MENDOZA RODRIGUEZ ESTREMERA, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
    Plaintiff, )
v. )
)
GENESIS JUNGLES LLC, )
BARBARA MEDINA, )
HARRY NELSON, )
)
    Defendants. )
_____)

## MOTION TO DISMISS

COME NOW, Defendants, BARBARA MEDINA and GENESIS JUNGLES LLC, by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(5) insufficiency of service of process, hereby move this Honorable Court to dismiss Plaintiff's Complaint; and in support thereof, Defendants state as follows:

### THE COMPLAINT MUST BE DISMISSED FOR INSUFFICIENCY OF SERVICE OF PROCESS

1.    Service of process shall provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullance v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

2.    "In individual capacity lawsuits, 'the usual procedure for service on individuals is set out elsewhere in Rule 4 apply, and [Rule 4(i)] need [not] be consulted."

1

*Lowe v. Hart*, 157 F.R.D. 550, 552 (M.D. Fla. 1994) (quoting *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994)).

3.  Federal Rule of Civil Procedure 4(e) provides that a plaintiff may effect service upon an individual by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

4.  Federal Rule of Civil Procedure 4(h)(1) provides that a plaintiff may effect service upon a corporation, partnership, or unincorporated association that is subject to suit under a common name "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service or process." Fed. R. Civ. P. 4(h)(1)(B)

5.  On or about November 15, 2016 Plaintiffs filed their Amended Complaint in this action seeking damages based on causes of action against the Defendants for violation of the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

6.  The Amended Complaint should be dismissed in its entirety because Plaintiff has not properly served Defendants.

7.  The Amended Complaint was not delivered to Defendant, BARBARA MEDINA, personally; it was not left in her dwelling or usual place of abode; and was not delivered to an agent authorized by appointment or by law to receive service of process.

8.  Defendant, GENESIS JUNGLES LLC is a limited liability company. The Amended Complaint was not delivered to the registered agent, an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).

9. Instead, the Amended Complaint was delivered to Defendant's, BARBARA MEDINA, ex-boyfriend, Paul Castillo. Mr. Castillo does not reside with Defendant, BARBARA MEDINA, he is not related to Defendant, BARBARA MEDINA, and he is not an agent authorized by appointment or by law to receive service of process. Furthermore, Mr. Castillo is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of Defendant, GENESIS JUNGLES LLC. *See* Exhibit A Affidavit of Paul Castillo.

10. Therefore, neither Defendant was personally and/or properly served with the Summons or Complaint; and neither have waived service of process.

WHEREFORE, Plaintiff's Complaint must be dismissed for insufficiency of service.

## **CONCLUSION**

WHEREFORE, Defendants, BARBARA MEDINA and GENESIS JUNGLES LLC, respectfully request that this Honorable Court enter an order dismissing the Complaint.

## CERTIFICATE OF SERVICE

I certify that on January 23, 2017, a true and correct copy of the foregoing was filed through the Florida e-filing system and electronically served by same to J.H. Zidell, Esq.; 300 71st Street, Suite 605; Miami Beach, FL 33141.

By: s/ *Virginia Lee Perez, Esq.*
VIRGINIA LEE PEREZ, FBN 85266
SENEN GARCIA, FBN 58631
Law Office of Senen Garcia, P.A.
2665 S. Bayshore Dr., Ste 220
Coconut Grove, FL 33133
Telephone: (305) 606-6139
Fax: (305) 856- 0622
vperez@sgarcialaw.com
senen@sgarcialaw.com
office@sgarcialaw.com

## AFFIDAVIT OF PAUL C. CASTILLO

STATE OF FLORIDA        )
                        ): ss
COUNTY OF MIAMI-DADE    )

**BEFORE ME**, the undersigned Notary Public, personally appeared Paul C. Castillo, who states as follows:

1. My name is Paul C. Castillo and I reside at 2623 NW 24th St, Apt 8, Miami, FL 33142.

2. I am self-employed and do interior remodeling work. I am not an employee of Genesis Jungles, LLC. *Attached* is a copy of the Sunbiz.org listing showing my company name and address.

3. On November 15, 2016 at around 9 p.m. a man knocked on my door and asked for Barbara Medina. I told him she did not live there. He did not tell me his name and I do not know who he is. I closed the door. The following morning when I was leaving for work, I opened the door and I found the *attached* documents on the doorstep. I did not understand why those papers had been left on my doorstep.

4. I am not related to Harry Nelson and Barbara Medina is my ex-girlfriend. I have never lived with Harry Nelson and Barbara Medina does not live at 2623 NW 24th St, Apt 8, Miami, FL 33142.

FURTHER AFFIANT SAYETH NAUGHT.

_____
PAUL C. CASTILLO

Sworn and subscribed before me this 8th day of December, 2016 by who produced Florida Driver License # C234 6837 6008 0 as identification.

_____
Notary Public, State of Florida

My commission expires:

07/20/2020

SABA MCMILLIAN
Notary Public - State of Florida
Commission # GG 013707
My Comm. Expires Jul 20, 2020

5