UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20936-CIV-MGC

RUDI PEREZ FERNANDEZ, WILFREDO )
MENDOZA ESTREMERA, ABDIEL )
MENDOZA RODRIGUEZ ESTREMERA, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
            )
     Plaintiff, )
 vs. )
            )
GENESIS JUNGLES LLC, )
BARBARA MEDINA, )
HARRY NELSON, )
            )
     Defendants. )
_____)

## PLAINTIFFS' ANSWER IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS DE 33 & DE 36

Plaintiffs, by and through Undersigned Counsel, hereby answer in opposition to Defendants' Motions to Dismiss [DE 33] [DE 36], and state the following in opposition;

**MEMORANDUM OF LAW**

  **I: STANDARD**

Plaintiffs agree with the standard enunciated by Defendants in DE 33 and DE 36. Quoting from page one of both, "Service of process shall provide 'notice reasonably calculated, under all the circumstances, to appraise the parties of the pendency of the action and afford them an

1

opportunity to present their objections.' *Mullance v Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## II: THE STANDARD IS MET

Defendants had a copy of the amended complaint in May, and filed a motion to quash it then, it was served at the address listed on Sunbiz for the Registered Agent, the same person as the Individual Defendant in question, in November. It is now conceded to have been received in Motion to Quash service (DE 23, which it is attached to), and two Motions to Dismiss (DE 33 &36). Meaning that Defendants are appraised of the pendency of the action and have had months of opportunity to present their objections.

Thus, the standard that Defendants argue for service, in their two most recent motions to dismiss, is met.  While this point will be argued further *infra.*, it is currently prudent to note that the attachment of The Complaint to the Defendant's two motions in question is sufficient evidence that the standard for process given in those same two motions is satisfied.

## III: DEFENSE COUNSEL IS INAPPROPRIATELY AIDING CORPORATE DEFENDANT'S EVASION OF SERVICE

The Corporate Defendant is represented by counsel, and has the wrong address for service of process registered with the State of Florida per the affidavits filed with DE 33 and 36. *See,* "Ex. A," [DE 33] & [DE 36]. A limited liability company must have a properly registered agent with the State of Florida or it is out of compliance with the legal requirements for an LLC, the LLC, may be fined otherwise per *Florida Statute § 605.0113*. Which is as dispositive reason to strike the Defendants motions to dismiss, as the motions concede the Sunbiz information is incorrect as to the registered agent, and until corrected the Corporate Defendant is in violation of state law.

2

Despite fraud upon The State, Defense Counsel refused to provide Undersigned Counsel a valid address for the registered agent, nor waive service. The company must have a valid registered agent for service of process. *See, Id.* The address listed for that agent is incorrect in the Corporations filings with The State, yet Defense Counsel refuses to divulge what the correct address would be if the business was not improperly registered with the State of Florida.

This is prima facia evidence that the motion to dismiss is part of a game being played by Defendants, with the aid of Defense Counsel, to evade service. This game includes the false registration of service addresses with the State of Florida. Once a business is registered with the State of Florida, the registered agent information must be updated if it changes. Defense Counsel is clearly acting improperly in helping The Corporate Defendant evade service by neither correcting the registered agent information with the state, nor being willing to provide Undersigned Counsel with a proper address for the registered agent upon request.

**IV: THE DEFENDANTS ARE EITHER DEFRAUDING THE COURT, OR AT BEST, SLOPPY**

Defendants' argument is that the summons and complaint were improperly served, because they were served on an ex-boyfriend of Individual Defendant Barbara Medina, at a place unrelated to Barbara Medina, and Genesis Jungles LLC.

This argument fails to pass the laugh test because the principle address of Genesis Jungles LLC., is the alleged ex-boyfriend's apartment, the mailing address for Genesis Jungles LLC., is the alleged ex-boyfriend's address, the registered agent is Barbara Medina at the alleged ex-boyfriend's address, per Sunbiz. *See,* "Ex. A." Hence, service on that address, which was ultimately received by Defendants, was sufficient to put Defendants on notice and give them an opportunity to defend, which is the standard cited to by Defendants.

Knowing that Defense Counsel is aiding and abetting these shenanigans by refusing to provide Undersigned Counsel with information required to be public record for all companies in Florida, and alleging the current information is incorrect, there are only three options as to what Defense Counsel is complicit in. First, Mr. Castillo is the victim of an ex-girlfriend fraudulently using him to evade anyone who might come looking for Genesis Jungles LLC., and its registered agent the Individual Defendant Barbara Medina. Second, it is possible that since Mr. Castillo was willing to write an affidavit for opposing counsel he is a perpetrator and not a victim. The third alternative is that the Individual Defendant, Barbara Medina is a sloppy business person, but not quite perpetrating a fraud, as this Court once found one of Undersigned Counsel's clients to be guilty of in place of fraud and denied that client's motion to quash service.

Plaintiff does not wish to speculate as to the relationship between Mr. Castillo and Ms. Medina. Whether Mr. Castillo is complicit in the fraudulent business registration is not relevant to the core issue of the effectuation of service. *Florida Statute § 605.0113*, also requires the business to designate a registered office at which service may be effectuated. Again, the information in Sunbiz for this is the alleged "ex-boyfriend's" apartment. Hence, service has been purposefully thwarted through violation of Florida Statute, and this Court should consider the Defendants served ending the illegal game of hide and seek they are playing.

The addresses for the business, and the registered agent Individual Defendant Medina, were changed to Mr. Castillo's address on April 30th, 2016, almost one month to the day after the Court ordered expedited service.

In D.E. 23, Defendants argue that the address upon which service was effectuated in May of 2016 was Genesis Jungles' warehouse, which was the previous registered address in Sunbiz,

hence why service was originally effectuated there. That address was clearly still the principle place of business in May of 2016, despite same being changed with the State of Florida to an alleged "ex-boyfriend's" apartment in April of 2016.

In May of 2016, affiant Michael L. McGuire was welding custom landscaping fabrications at the Defendant's warehouse per his affidavit attached to DE 23, despite the principle place of business being a private apartment per Sunbiz. *See,* "Ex. A." Genesis Jungles is named such because it creates large scale custom landscaping, including the custom fabrication described by affiant McGuire in May of 2016. *See,* [DE 23]. It is illogical to assume that large scale landscaping operations, including custom welding, was principally located in the alleged "ex-boyfriend's" apartment, when the company owned a warehouse to conduct such business from.

While there is not clear, and unequivocal, evidence that the April change in addresses was effectuated with the State of Florida fraudulently, and not sloppy business practices, the reasonable inference from the evidence is that the address was purposefully changed to prevent service of this and possibly other lawsuits/adverse actions.

As this Court, has previously reminded Undersigned Counsel, the American System of Justice prefers adjudication on the merits. The game of cat and mouse that is being played by the Defendants does not affect the fact that the Defendants were aware of the lawsuit, to the point of them attaching same to their several motions to dismiss for service on the wrong addresses. Defendants were on notice of the claims against them, and that they had to defend against the claims.

Instead of defending against the allegations of The Complaint, the Defendants chose to spend the better part of a year changing addresses and filing motions to dismiss, as they ducked

service. This game may be designed to never answer the lawsuit, or to affect Plaintiffs' rights to recovery by manipulating the statute of limitations period. Either way, the merits are obfuscated, and Plaintiffs are biased, by the game of fox and hound being played by the Defendants.

Service was effectuated twice at the addresses registered with The State for the Corporate Defendant, and its registered agent, the Individual Defendant. The Defendants clearly have the complaint, are aware of the allegations and that they must defend against them, hence their own legal standard was met when they attached copies of the complaint to their motion to quash service. [DE 23]. This has at a minimum risen to the level of bad faith gamesmanship, and at worst is fraud. The Plaintiffs should no longer be biased by these games, and the case should now be determined on the merits.

WHEREFORE; Plaintiffs, by and through Undersigned Counsel, respond in opposition to Defendants' Motions to Dismiss DE 33 & 36, and respectfully move that this Court deny DE 33 & 36.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on February 6, 2017.

                                                J.H. Zidell, P.A.
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167
                                                *Attorneys for Plaintiff*

                                                By: /s/ Joshua Sheskin
                                                Joshua H. Sheskin, Esq.
                                                Jsheskin.jhzidellpa@gmail.com
                                                Florida Bar Number: 93028